UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
DOUGLAS EKLUND,                     )   No. C17-0631RSL
                                    )
                  Plaintiff,        )
         v.                         )   ORDER TO SHOW CAUSE
                                    )
MIDLAND FUNDING, LLC,               )
                                    )
                  Defendant.        )
_____)

On April 20, 2017, this matter was removed from state court based on both federal question and diversity jurisdiction. Plaintiff filed this action in Snohomish County Superior Court asserting claims arising out of a lawsuit defendant filed to recover a debt. Plaintiff alleges that Midland Funding, LLC, sued him approximately five years ago on a debt he does not owe. He further alleges that Midland Funding has no evidence of the alleged debt, has no standing to pursue the claim, failed to validly serve, filed outside the statute of limitations, and engaged in fraud on the court. Dkt. # 1-1 at 3-6. Plaintiff seeks the entry of judgment in the amount of "$60,000 in damages, to include legal expenses, harassemnt [sic], hardship, mental stress, credit damages, to include 12% interest until paid in Full". Dkt. # 1-1 at 7.

A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court (*i.e.,* on federal diversity or federal question grounds). See 28 U.S.C. § 1441(b). The general removal statute, 28 U.S.C. § 1441, is

ORDER TO SHOW CAUSE

construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). It has not met its burden.

Midland Funding asserts that because plaintiff has identified it as a "third party debt collector," he must be asserting a claim under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The question of whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 must be determined by reference to the complaint. Mere mention of a federal statute, much less the mention of a phrase that bears some resemblance to a federal statute, is not "a password opening federal courts . . . ." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Rather, federal law must create the cause of action or plaintiff's right to relief must depend on the resolution of a substantial question of federal law. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 27-28 (1983).

Plaintiff has not specifically identified the cause or causes of action he is asserting, but the facts alleged are more consistent with state malicious prosecution, fraud on the court, and/or consumer protection act claims than a claim under the FDCPA. A finding that defendants violated federal law would not be essential to any of these claims, and the Court will not assume that plaintiff is artfully pleading around a federal cause of action when there are legitimate and obvious state claims that address his situation.[1] Defendant has not, therefore, shown that plaintiff's claims or right to relief necessarily depend on resolution of a question of federal law.

---

[1] The artful pleading doctrine prevents a plaintiff from avoiding federal jurisdiction by "omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." Olguin v. Inspiration Consol. Copper Co., 740 F.2nd 1468, 1472 (9th Cir. 1984).

ORDER TO SHOW CAUSE -2-

With regards to diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its owners/members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). Midland Funding is therefore a citizen of Delaware, and diversity has been established. Midland has not, however, shown that the amount in controversy exceeds $75,000. In removed diversity cases where there is a dispute regarding the amount in controversy, "the defendant bears the burden of actually proving the facts to support jurisdiction, including jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992).[2] Here, plaintiff specifically seeks judgment in the amount of $60,000, inclusive of attorney's fees. Defendant has not "provide[d] evidence establishing that it is more likely than not that the amount in controversy exceeds" $75,000. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted).

Defendant is hereby ORDERED TO SHOW CAUSE why this action should not be remanded for lack of federal jurisdiction. The Clerk of Court is directed to note this show cause proceeding on the Court's calendar for May 5, 2017. Defendant's response is due on or before the note date.

Dated this 25th day of April, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Defendant relies on a "legal certainty" test that has been rejected in these circumstances because it "would force the federal court to exercise jurisdiction even if there was only a legal possibility that the amount in controversy exceeded" $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996).